**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4823**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

HASSAN HAMMOUD,

              Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Richard D. Bennett, District Judge. (1:14-cr-00017-RDB-1)

Submitted:  May 29, 2015                    Decided:  June 4, 2015

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Gregory Dolin, UNIVERSITY OF BALTIMORE SCHOOL OF LAW, Baltimore, Maryland, for Appellant. Sandra Wilkinson, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hassan Hammoud appeals his conviction and 63-month sentence imposed following his guilty plea to conspiracy to use fire to commit a federal felony. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but setting forth arguments challenging the validity of the plea and the reasonableness of the sentence. The Government has filed a motion to dismiss the appeal on the basis that Hammoud explicitly waived his right to appeal in the plea agreement. Hammoud has filed a pro se supplemental brief, arguing that he is innocent and that his plea was involuntary because he received ineffective assistance of counsel.

A criminal defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). "[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances — even though the

2

defendant may not know the specific detailed consequences of invoking it." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012) (internal alteration, quotation marks, and emphases omitted). Whether a defendant validly waived his right to appeal is a question of law we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Hammoud knowingly and voluntarily waived his right to appeal his conviction and sentence. Thus, review of any claims raised by Hammoud that fall within the scope of his broad waiver is barred.

We recognize, however, that there are certain fundamental rights and appellate claims that cannot be barred by an appeal waiver. For instance, an appellate waiver in a plea agreement will not bar appellate review of the denial of a motion to withdraw the underlying guilty plea when the motion contains "a colorable claim that the plea agreement . . . is tainted by constitutional error," such as involuntariness or the lack of the effective assistance of counsel. United States v. Attar, 38 F.3d 727, 733 n.2 (4th Cir. 1994); see also United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993) (concluding that waiver of appeal rights in plea agreement will not bar appeal from denial of plea-withdrawal motion where "the waiver of appeal itself [is] being challenged by the motion to withdraw the

3

guilty plea"). Finally, we will refuse to enforce an otherwise valid waiver if enforcing the waiver would result in a miscarriage of justice. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Both counsel's Anders brief and Hammoud's pro se brief, broadly construed, raise claims that challenge the voluntariness of Hammoud's plea. However, counsel's claims are frivolous, as they are flatly belied by the record, as counsel admits. Thus, these claims, too, will be dismissed.

Turning to Hammoud's pro se brief, while he challenges the voluntariness of his plea, his claims are ones of ineffective assistance of counsel. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Galloway, 749 F.3d 238, 241 (4th Cir.), cert. denied, 135 S. Ct. 215 (2015). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, see Strickland v. Washington, 466 U.S. 668, 687-88 (1984), we will dismiss these claims as well.

In accordance with Anders, we have reviewed the entire record in the case and have found no meritorious issues for

4

appeal outside the scope of the appellate waiver. Accordingly, we grant the Government's motion to dismiss and dismiss the appeal. This court requires that counsel inform Hammoud, in writing, of the right to petition the Supreme Court of the United States for further review. If Hammoud requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hammoud. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED